# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                       Case No. 05-CR-245

**MICHAEL MAAS**
        **Defendant.**

## ORDER

Defendant Michael Maas moves for bail pending appeal. Defendant pleaded guilty to illegally transporting wildlife across state lines contrary to 16 U.S.C. §§ 3372 & 3373, and I later found him guilty after a court trial of transferring a firearm to a felon contrary to 18 U.S.C. § 922(d). I sentenced defendant to six months in prison on each count to run concurrently, and he has now filed a notice of appeal.

In order to obtain release pending appeal, defendant must first demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. He must also show that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b).

I find, based on defendant's background and record, family ties, and performance on bond during the pendency of the case that he is not likely to flee or pose a danger.

However, defendant has not demonstrated any substantial appellate issue likely to result in reversal of his conviction, or reduction or vacation of his sentence.

Under § 3143(b), the burden of showing the merit of the appeal is on the defendant. United States v. Bilanzich, 771 F.2d 292, 298 (7th Cir. 1985). First, he must show that his appeal raises an issue that is substantial – a close question or one that could very well be decided the other way. United States v. Eaken, 995 F.2d 740, 741 (7th Cir. 1993). While the court need not conclude that it should have ruled the other way or will probably be reversed, United States v. Thompson, 787 F.2d 1084, 1085 (7th Cir. 1986), it must find that the issue "is a toss-up or nearly so." United States v. Greenberg, 772 F.2d 340, 341 (7th Cir. 1985). Second, the defendant must show that the substantial issue(s) will affect the validity of his conviction(s). Bilanzich, 771 F.2d at 298. This means that "the district court must determine whether, assuming that the question is decided in the defendant's favor, the appellate court is more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed." Id.

In his motion, defendant presents the following appellate issues: (1) whether the evidence was sufficient to establish guilt beyond a reasonable doubt; (2) whether the admission of evidence over his objection was done in accordance with applicable law; (3) whether counsel provided effective assistance; and (4) whether the court's factual findings and verdict were correctly made. None of these issues are substantial or likely to result in reversal or an order for a new trial.

**Sufficiency of the Evidence**. When reviewing challenges to the sufficiency of the evidence, the Seventh Circuit views the evidence in the light most favorable to the government and will reverse "only if no rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." United States v. Hale, 448 F.3d 971, 982 (7th Cir. 2006). The defendant's hurdle in making such a challenge "is nearly insurmountable." Id. (internal quote marks omitted). In the present case, I found the evidence more than adequate to support defendant's guilt beyond a reasonable doubt, as set forth in my written findings of fact and verdict. Defendant fails to explain how the government's proof was insufficient as to any element of the offense.

**Admission of Evidence**. The court of appeals reviews the district court's decision to admit evidence "only for an abuse of discretion." United States v. Breit, 429 F.3d 725, 731 (7th Cir. 2005). Moreover, even if the appellate court finds that the district judge erred in admitting evidence, it will not reverse if the error was harmless. United States v. Chavis, 429 F.3d 662, 667 (7th Cir. 2005). In the present case, defendant fails to specify the evidence he believes was improperly admitted, and my own recollection of the trial reveals no particularly significant evidentiary disputes. Further, given the strength of the evidence, I find it doubtful that any mistaken evidentiary rulings will result in reversal.

**Effectiveness of Trial Counsel**. In order to demonstrate ineffective assistance of counsel, the defendant must show that (1) counsel performed deficiently, and (2) he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the present case, defendant fails to identify any prejudicial errors by counsel. Further, trial counsel continues to represent defendant and could not properly raise the issue of his own effectiveness on direct appeal. See United States v. Taglia, 922 F.2d 413, 418 (7th Cir. 1991).

3

Case 2:05-cr-00245-LA    Filed 08/10/06    Page 3 of 4    Document 54

**Correctness of Factual Findings and Verdict**. Under Fed. R. Crim. P. 23(c), if either party so requests, "the court must state its specific findings of fact in open court or in a written decision or opinion." In the present case, defendant requested specific findings, which I made via a written decision. Defendant fails to point to any inadequacy in the decision. He does state that because the transcripts are not yet available, he cannot determine whether "all factual findings were correct." (Def.'s Mot. for Bail Pending Appeal at 2.) However, this appears to be another attack on the sufficiency of the evidence, which, as discussed above, is not a substantial issue.

Finally, defendant notes that his six-month sentence will likely expire prior to completion of the appeal process. However, he does not contend that the sentence was unlawful or will likely be vacated or reduced on appeal. The fact that the sentence will likely be completed before the court of appeals decides his case is alone insufficient to obtain release pending appeal. Otherwise, every defendant sentenced to a short term could obtain release, notwithstanding the lack of meritorious appellate issues.

**THEREFORE, IT IS ORDERED** that defendant's motion for bail pending appeal (R. 47) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of August, 2006.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge